# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BASILENE L. HENSON,
                Appellant,

          v.

DEPARTMENT OF THE TREASURY,
                Agency.

DOCKET NUMBER
DA-0752-13-0519-B-1

DATE: August 25, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Basilene L. Henson</u>, Arlington, Texas, pro se.

<u>Melissa S. Luckett</u>, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed her removal.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        Effective May 23, 2013, the agency removed the appellant from her GS-6 Secretary position based on charges of failure to follow a management directive and failure to provide accurate information on her time record. Initial Appeal File (IAF), Tab 5, Subtabs 4a, 4b, 4e3. On appeal, the administrative judge sustained the removal after applying the doctrine of collateral estoppel to the factfindings in a prior Board appeal that was reversed on due process grounds. *Henson v. Department of the Treasury*, MSPB Docket No. DA-0752-13-0519-I-1, Initial Decision at 3-4 (Feb. 10, 2014). The appellant petitioned for review and the Board vacated the initial decision, finding that the criteria for collateral estoppel had not been met and the doctrine was therefore not applicable. *Henson v. Department of the Treasury*, MSPB Docket No. DA-0752-13-0519-I-1, Remand Order at 3-4 (Jul. 31, 2014). The Board remanded the appeal to the administrative judge for issuance of a new initial decision. *Id. at* 4. On remand, the administrative judge issued a remand initial decision in which he found: the agency proved its charges; the agency did not violate the appellant's due process rights; the appellant failed to prove her affirmative defenses of race, color, and age discrimination, retaliation for protected equal employment opportunity (EEO) activity, reprisal for filing a Board appeal, and harmful error; the action promoted

the efficiency of the service; and the penalty of removal was reasonable. Remand File, Tab 17, Remand Initial Decision (RID).

¶3    The appellant filed a petition for review of the remand initial decision. Remand Petition for Review (RPFR) File, Tab 1. The agency responds in opposition to the petition for review and the appellant replies to the agency's response. RPFR File, Tabs 4‑5.

¶4    The agency's charges are straightforward and the appellant does not make a persuasive argument as to why the charges should not be sustained. As to the charge of failure to follow a supervisory directive, the appellant's supervisor instructed her in writing—multiple times—to complete her lunch break by 3:00 p.m. so, among other reasons, the appellant had time to take the day's outgoing mail to the mailroom before a 3:30 p.m. deadline. IAF, Tab 5, Subtab 4e5. The agency explained without rebuttal why it was important for outgoing mail to leave the office in a timely fashion. Hearing Compact Disc (HCD) (testimony of J.I.). After issuing the last written instruction, the supervisor began documenting the appellant's return from lunch and, in the end, the agency charged 44 specifications of failure to follow a supervisory direction when the appellant returned late from lunch. *Id.*; IAF, Tab 5, Subtab 4e3 at 1-5.

¶5    The appellant does not challenge the agency's evidence concerning the time she returned from lunch. Instead, she asserts that the instruction was improper because the agency's "sliding system" permitted her to take lunch such that she could return as late as 4:00 p.m., and that the time she chose to take her lunch had nothing to do with her job. RPFR File, Tab 1 at 5. On the contrary, the appellant's decision to routinely take a late lunch was directly relevant to one of her job duties; namely, to get the office's mail to the mailroom before the deadline for outgoing mail. Moreover, the "sliding system" was not in place during the relevant time period. HCD (testimony of J.I.). We agree with the administrative judge that it was entirely proper for the appellant's supervisor to

issue the instruction, that the appellant was required to follow it, and that she did not.  RID at 3-6.

¶6        The second charge involves two instances in which the appellant indicated on her timesheet that she took 15 minutes less leave than she actually took.  IAF, Tab 5, Subtab 4e3 at 5, Subtab 4e7.  The appellant alleges that she did nothing wrong because she was allowed to take leave in 15-minute increments.  RPFR File, Tab 1 at 5.  Even so, she was not entitled to under-report her leave by 15 minutes.  We agree with the administrative judge that the agency proved this charge by preponderant evidence.  RID at 6-7.

¶7        The appellant contends that the removal action constitutes discrimination and retaliation for her protected EEO activity.  RPFR File, Tab 1.  The administrative judge correctly found that none of the appellant's discrimination and retaliation claims had merit because the appellant failed to introduce any evidence suggesting an inference of discrimination and because her tenuous evidence that the relevant management officials were aware of her EEO activity was insufficient to establish that the removal constituted retaliation.  RID at 9‑10.

¶8        The administrative judge also found that the appellant's claim of retaliation for filing a Board appeal was without merit.  The appellant based her claim on the fact that the agency removed her again on the same charges after its first removal action was reversed on due process grounds.  The administrative judge found, and we agree, that there is nothing inherently wrong with taking a second removal action under these circumstances and the appellant failed to introduce any evidence of malicious or retaliatory intent or bad faith and therefore provided no reason why her second removal was in any way improper.  RID at 11; *Litton v. Department of Justice*, 118 M.S.P.R. 626, ¶¶ 12-13 (2012).

¶9        The administrative judge further rejected the appellant's claim that the agency violated her due process rights because it removed her fewer than 30 days after it issued the notice of proposed removal.  He correctly found that the appellant's assertion, apparently based on a letter from the Federal Retirement

Thrift Investment Board concerning her Thrift Savings Plan account, was belied by the evidence of record.  RID at 11-12.

¶10      The appellant claimed harmful error because the deciding official was not in her direct chain of command as required by agency policy.  The administrative judge found that the policy has flexibility built in and is not an absolute requirement.  He also found that the appellant failed to allege or show how the result in her case would have been different if a different deciding official had decided her case.  Harmful error cannot be presumed; an agency error is harmful only when the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).  The appellant repeats on review her argument from below, but proffers nothing showing that the administrative judge's conclusion is wrong.  The administrative judge correctly found that the appellant did not prove harmful error.  RID at 12-13.

¶11      The appellant asserts that the administrative judge erred by failing to grant her the continuance she requested, failed to allow her time to prepare her hearing exhibits, and failed to allow her time to locate the written list of witness questions she had prepared.  RPFR File, Tab 1 at 2-5.  We have thoroughly reviewed the hearing record and find that the administrative judge did not abuse his discretion.  The administrative judge already had rescheduled the hearing once to give the appellant additional time to prepare for the hearing.  RF, Tabs 9, 12.  The appellant did not submit her hearing exhibits prior to the hearing, much less by the deadline set by the administrative judge for prehearing submissions, but waited until the day before the hearing to begin organizing her documents and she ultimately was unable to do so because of an alleged sore throat.  RPFR File, Tab 1 at 2.  Likewise, the administrative judge did not prevent the appellant from introducing documents or adequately questioning the witnesses, as the appellant alleges.  *Id.* at 3-4.

¶12        The appellant also contends that the administrative judge erred by admitting documents from her Official Personnel File (OPF) into the record as evidence because the agency obtained those documents illegally. *Id*. at 2-3. The appellant has not provided any authority, and we are aware of none, that would preclude the agency from using documents contained in her OPF in routine employment litigation concerning her own case. We discern no error in this regard.

¶13        The appellant further asserts that the administrative judge was biased against her. This claim is based entirely on the fact that the administrative judge and the agency representative allegedly "talked on a personal note" during breaks in the hearing. *Id*. at 4. These assertions, even if true, fall far short of establishing bias. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

¶14        The appellant implicitly argues on review that the penalty of removal is excessive, given her approximately 24 years of satisfactory service. RPFR File, Tab 1 at 8-9. However, the record contains at least four memoranda informing the appellant of her supervisor's expectations and instructing her to complete her lunch break by 3:00 p.m., IAF, Tab 5, Subtab 4e5, and she continued to take her lunch breaks after that designated time, notwithstanding these instructions. Furthermore, the appellant has a prior disciplinary record consisting of two 14-day suspensions in calendar year 2010 for similar misconduct, *id*., Subtabs 4e2, 4g, 4h, which reflects poorly on her potential for rehabilitation. We find that the administrative judge correctly determined that the deciding official considered the aggravating and mitigating factors most relevant in this case and that there is no basis for the Board to disturb the agency's exercise of its managerial discretion. RID at 13-15.

¶15        In addition, the appellant has submitted numerous documents with her petition for review and in her reply to the agency's response to her petition for review. RPFR File, Tabs 1, 5. Some of these documents are clearly in the record below. Evidence that is already a part of the record is not new. *Meier v.*

*Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). The remaining documents are all either undated or dated prior to the close of the record below. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Further, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). None of the documents that the appellant has submitted on review are particularly relevant to this appeal and none of them are of sufficient weight to warrant an outcome different from that of the initial decision. Therefore, we have not relied on them.

¶16    Finally, in light of our disposition of this appeal, we do not address the apparent untimeliness of the appellant's petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

<u>Discrimination Claims:  Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.